JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| U.S. BANK, NA AS LEGAL TRUSTEE FOR TRUMAN 2013SC3 TITLE TRUST, | ) ) ) | Case No. CV 15-3968-ODW (PJWx) |
| | ) ) | ORDER SUMMARILY REMANDING IMPROPERLY |
| Plaintiff, | ) ) | REMOVED ACTION TO LOS ANGELES COUNTY SUPERIOR COURT |
| v. | ) ) | |
| SARA OROZCO, AND DOES 1-10, INCLUSIVE, | ) ) ) | |
| | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Before the Court is an unlawful detainer action that Defendant Sara Orozco removed from the Los Angeles County Superior Court. For the following reasons, the case is summarily remanded back to that court.

In March 2015, Plaintiff filed an unlawful detainer action in the Los Angeles County Superior Court, claiming that it obtained title to the subject property in a foreclosure sale in January 2015 and that Defendants refused to give up possession of the property. On May 27, 2015, Defendant Orozco removed the action to this court, arguing that there was federal question jurisdiction under the Fourteenth Amendment.

1   Generally speaking, federal district courts lack subject matter
2   jurisdiction over unlawful detainer actions like the case at bar
3   because they are grounded in state, not federal, law.  Further, they
4   do not become federal cases merely because a defendant raises a
5   federal question as an affirmative defense or counterclaim.  *See Vaden*
6   *v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot
7   be predicated on an actual or anticipated defense, or rest upon an
8   actual or anticipated counterclaim") (internal citations omitted).
9   Finally, it is clear from the face of the Complaint that there is no
10  jurisdiction under 28 U.S.C. § 1332 either because, even if Defendants
11  could establish diversity, the amount in controversy is less than
12  $10,000, well below the statutory threshold of $75,000.  As a result,
13  Defendants' removal of the action was improper and the case must be
14  remanded to the Superior Court for further proceedings.  *See* 28 U.S.C.
15  § 1441(a); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.
16  1992).

17       Accordingly, IT IS ORDERED that (1) pursuant to 28 U.S.C.
18  § 1447(c), this case is REMANDED to the Superior Court of California,
19  275 Magnolia Avenue, Long Beach, CA 90802; (2) the clerk shall send a
20  certified copy of this Order to the state court; and (3) the clerk
21  shall serve copies of the Order on the parties.

22       IT IS SO ORDERED.

23       DATED:_____
24  June 4, 2015

                                    _____
25                                  OTIS D. WRIGHT, II
                                    UNITED STATES DISTRICT JUDGE
26  Presented by:

27  _____
    PATRICK J. WALSH
28  UNITED STATES MAGISTRATE JUDGE

C:\Users\senglish\AppData\Local\Temp\notesC7A056\Orozco.wpd

2